```
             IN THE UNITED STATES DISTRICT COURT FOR THE
                      EASTERN DISTRICT OF OKLAHOMA
```

MARY KOVAR,                       )
                                  )
          Plaintiff,              )
                                  )
v.                                )     Case No. CIV-15-003-RAW-KEW
                                  )
CAROLYN W. COLVIN, Acting         )
Commissioner of Social            )
Security Administration,          )
                                  )
          Defendant.              )

## REPORT AND RECOMMENDATION

Plaintiff Mary Kovar (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be AFFIRMED.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or

impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

2

(10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

**Claimant's Background**

Claimant was born on April 30, 1968 and was 44 years old at the time of the ALJ's latest decision. Claimant completed high school and attended beauty school. Claimant has worked in the past as a hairstylist. Claimant alleges an inability to work beginning April 1, 2011 due to limitations resulting from uncontrollable hands, muscle spasms in her neck, headaches, back problems, mental health issues, anxiety, degenerative and rheumatoid arthritis, and

3

fibromyalgia.

**Procedural History**

On April 26, 2011, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) and for supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's applications were denied initially and upon reconsideration. On February 14, 2012, an administrative hearing was held before an Administrative Law Judge ("ALJ") in McAlester, Oklahoma. On March 16, 2012, the ALJ issued an unfavorable decision on Claimant's applications. The Appeals Council denied review of the ALJ's decision on June 5, 2012. This Court reversed the decision and remanded for further proceedings on September 23, 2013.

On May 20, 2014, an additional administrative hearing was conducted by ALJ Doug Gabbard, II in McAlester, Oklahoma. On October 24, 2014, the ALJ issued a second unfavorable decision. Claimant did not file exceptions to the decision with the Appeals Council. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.984, 416.1484.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step five of the sequential

evaluation. He determined that while Claimant suffered from severe impairments, she retained the RFC to perform light work with limitations.

### Error Alleged for Review

Claimant asserts the ALJ committed error in (1) failing to proceed through the credibility analysis as required by the order on remand; and (2) failing to properly evaluate the opinion of her treating physician.

### Credibility Determination

In his decision, the ALJ determined Claimant suffered from the severe impairments of fibromyalgia, chronic neck and back pain, affective disorder, and substance addiction disorder. (Tr. 502). The ALJ concluded that Claimant retained the RFC to perform light work except she was limited to unskilled work, which needed little or no judgment to do simple duties that could be learned on the job in a short period. She could only occasionally be required to understand, remember, and carry out detailed instructions because she had marked limitation in that area. Claimant's supervision must be simple, direct, and concrete where there was only superficial contact with supervisors and co-workers and no contact with the general public. The ALJ also concluded Claimant could adapt to normal workplace changes. (Tr. 506).

After consultation with a vocational expert, the ALJ found Claimant retained the RFC to perform the representative jobs of motel housekeeper and conveyor line bakery worker. (Tr. 514). As a result, the ALJ found Claimant was not disabled from April 1, 2011 through the date of the decision. Id.

Claimant first contends the ALJ improperly evaluated her credibility. The ALJ's explanation of his credibility assessment is markedly improved from the prior decision rejected by this Court. The ALJ acknowledged Claimant's testimony that she worked until November of 2010 as a hairdresser. She quit working and did not believe she could continue to work because she "can't get up day-to-day and perform a full-time job because I don't know if I can get out of bed day-to-day or operate my hands or lift my neck up or move my back." (Tr. 521). She testified that she experiences pain and depression which affects her attention and concentration. The ALJ found inconsistencies in the various statements made by Claimant about the effects caused by her conditions. Claimant testified that she had difficulties with her personal care, cooking, cleaning, household chores, and socialization. In statements to the consultative examiners, however, Claimant indicated that she was able to prepare meals, do light household chores, do laundry, drive, use the computer, and

6

read. (Tr. 406-07, 512).

The medical record also does not support the level of debilitation described by Claimant. In examinations by the state agency physician, Claimant was noted to have 15/18 tender points consistent with fibromyalgia but her grip strength, range of motion, peripheral pulses, gross and fine tactile manipulation were largely normal. She had tenderness to palpation in the neck, upper back, and low back bilaterally but straight leg raising was negative bilaterally both supine and sitting. No sensory or motor deficit was noted. Her gait was safe and stable with appropriate speed. She did not need an assistive device to ambulate. (Tr. 936-38).

It is well-established that "findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995). "Credibility determinations are peculiarly in the province of the finder of fact" and, as such, will not be disturbed when supported by substantial evidence. Id.

Factors to be considered in assessing a claimant's credibility include (1) the individual's daily activities; (2) the location, duration, frequency, and intensity of the individual's pain or other symptoms; (3) factors that precipitate and aggravate the

symptoms; (4) the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; (6) any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and (7) any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms. Soc. Sec. R. 96-7p; 1996 WL 374186, 3.

The ALJ provided substantial detail in affirmatively linking his findings on credibility with the medical record. His overall assessment of Claimant's credibility is consistent with the prevailing case authority and he adopted appropriate restrictions in his RFC evaluation to accommodate the apparent deficits in Claimant's ability to engage in basic work activities. (Tr. 512-13). This Court finds no error in the ALJ's credibility determination.

**Evaluation of the Treating Physician's Opinion**

Claimant also contends the ALJ failed to properly weigh and consider the opinion of her treating physician, Dr. Gerald Rana. Dr. Rana provided three separate statements on Claimant's

functional limitations.  On November 11, 2008, he stated Claimant suffered from cervical strain/sprain, osteoarthritis, polymyalgia, neuralagia, and arthalgia.  He estimated Claimant would need to take unscheduled breaks, have good days and bad days requiring that she be absent from work more than four days per month (or about four days per month as both boxes are checked), could not engage in pushing and pulling or fine manipulation.  (Tr. 327).

Dr. Rana also authored a statement dated July 10, 2012 which indicated Claimant suffered from cholelithiasis, hip pain, polymyalgia, migraine neck pain, hand pain, knee pain, and shoulder pain.  The findings on limitations were the same as the November, 2008 report.  (Tr. 838).

A third statement by Dr. Rana dated July 26, 2013 indicated Claimant could sit, stand, and walk for 35 minutes at one time and sit and walk for two hours and stand for three hours in an eight hour workday.  He repeated the restriction on pushing and pulling and fine manipulation as well as the restrictions requiring unscheduled breaks and absences.  Dr. Rana also estimated Claimant would require a sit/stand option at will.  (Tr. 951).

The ALJ concluded that Dr. Rana's treatment notes did not support the level of restriction found in his medical source statements.  This Court must agree with the ALJ that Dr. Rana's

9

notes do not support restrictions on sitting, standing, walking, or use of her hands for pushing, pulling, and fine manipulation. (Tr. 327, 461, 463, 465, 828, 838, 915, 919, 922, 924, 951). The only restriction noted by Dr. Rana of any bearing upon functional limitations was decreased range of motion with back flexion and extension and bilateral hip. (Tr. 457).

In addition to lacking support in his own records, Dr. Rana's limitations are also contradicted by other medical evidence in the record including the findings of the consultative examiner Dr. William Cooper. Dr. Cooper found Claimant had normal grip strength and fine and gross manipulation. (Tr. 937-38).

The ALJ on remand properly assessed the opinion of Dr. Rana under the rubric of Watkins v. Barnhart, 350 F.3d 1297, 1300 (10th Cir. 2003). He provided specific and legitimate bases for giving the opinion reduced weight.

## Conclusion

The decision of the Commissioner is supported by substantial evidence and the correct legal standards were applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **AFFIRMED**. The parties are herewith given fourteen (14) days from the date of the service of these Report and

10

Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 14th day of March, 2016.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE